**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR No. 05-24ML** |
| | ) | |
| **HECTOR LEBRON** | ) | |

---

## MOTION FOR CONTINUANCE OF EMPANELMENT

Now comes the accused, Hector Lebron, by and through his counsel, and moves this Honorable Court to continue the trial of this matter, currently scheduled for empanelment on August 16, 2005, for a period of approximately 30 days.

The purpose of the requested continuance is to clarify First Circuit case-law pertaining to a key issue in this matter – the difference between "crack cocaine" and "cocaine base", if any, under both the U.S. Sentencing Guidelines and the U.S. Code. Mr. Lebron is alleged to have possessed with intent to deliver approximately 80 grams of a controlled substance which may or may not have been "crack" and/or "cocaine base". If this substance is determined by the jury or the Court to have been cocaine base, but not crack, the law is unsettled whether Mr. Lebron would be subject to the statutory mandatory minimum sentence of ten years, or instead subject only to the lesser U.S. Sentencing Guideline range of approximately two to three years. Various Circuits have considered this issue and have split in their interpretation of this issue. This issue has not yet been decided in the First Circuit, but two cases addressing this very issue are currently awaiting decision in this Circuit, with decision expected in the next month.

A plea offer has been made by the Government to resolve this matter without need of a jury trial, but counsel is unable to appropriately advise the defendant, and the defendant is unable to make a knowing and voluntary decision, without knowing the general range of sentences he would be subjected to if he pled guilty rather than exercising his right to trial. In ordinary circumstances this issue would have to be litigated in this matter itself. Given, however, that the First Circuit is expected to answer this important question within the next month, a continuance will save

Granted. Mary M. Lisi USDJ 8/4/05

The Government, through AUSA Adi Goldstein, indicates that it has no objection to this motion for a thirty day continuance. In addition, AUSA Goldstein will be on trial before another Judge of this Court the same week. Finally, counsel for the Defendant will add that he has a planned family vacation from August 12 through 22 in both Block Island, Rhode Island and New Hampshire. Counsel has neither requested nor received a court-excuse in the U.S. District Court and could attend the scheduled empanelment if required, but would certainly prefer not to.

Respectfully submitted
Hector Lebron
By his attorney,

Olin W. Thompson, III
McKiernan Thompson & Millea
243 North Main St.
Providence, RI 02903
Telephone (401) 223-1400

I hereby certify that I ~~mailed~~ a copy of this motion, ~~postage pre-paid,~~ to Adi Goldstein, Assistant United States Attorney, 50 Kennedy Plaza, 8th Floor, Providence Rhode Island, 02903, on August 2, 2005