UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 05-24ML |
| | ) | |
| HECTOR LEBRON | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS

Now comes the accused, Hector Lebron, by and through his counsel, and submits this Memorandum of Law in Support of his previously filed Motion to Suppress any and all evidence seized as a result of the execution of the search warrant allegedly issued in this matter, as well as any evidence or statements which might be considered "fruit of the poisonous tree".

## Facts

On February 16, 2005, law enforcement personnel are alleged to have surveilled an apartment building at 11 Lincoln Ave., Cranston, R.I. At approximately 4:00 p.m. they conducted a traffic stop of a vehicle leaving that address driven by Fatima Soares. In the passenger seat was Hector Lebron, the defendant in this case. Mr. Lebron was told that police had a search warrant authorizing the search of 11 Lincoln Ave, Apt. #6. He was not shown the warrant.

Mr. Lebron was taken back to the apartment and a search was conducted. At the apartment Mr. Lebron again asked to see the search warrant, and was again denied. During the course of the search police allegedly discovered more than 80 grams of cocaine, various "cutting agents", and other paraphernalia supposedly connected to cocaine distribution or packaging. In addition Mr. Lebron is alleged to have made certain statements which the Government might intend to use against him at trial. A vehicle, RI registration CS-553, was also searched pursuant to the supposed warrant, and police claim to have found a pistol in the glove compartment. Mr. Lebron was eventually

transported to the Cranston Police Station where it is alleged that he gave a handwritten statement admitting to possessing cocaine and the gun after having been informed of his "Miranda" rights. Despite several requests Mr. Lebron was never shown a search warrant on February 16, 2005, or the days that followed.

## Argument

It is defendant's belief that the search warrant relied upon to support the searches in this case (the one provided to him in the Government's Answer to Defendant's Request for Discovery) is not a valid search warrant. Although that warrant itself, as well as the complaint and affidavit in support of that warrant, appear to bear the signature of the Honorable Frank Cenerini, State District Court, Rhode Island, defendant contends that those signature are forgeries.

As such the complaint and affidavit were not sworn to before a neutral and detached magistrate authorized to issue search warrants. No such magistrate, prior to the time of the search, ever made an independent review of the complaint for probable cause to believe the requested searches would uncover evidence of any crimes or other contraband. "The point of the Fourth Amendment . . . is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." Johnson v. United States, 333 U.S. 10 at 13-14 (1948). A forged warrant is not a warrant at all.

Defendant has consulted with a handwriting expert who is in the process of evaluating court filings to substantiate defendant's claim. Defendant has filed a Motion to Compel Handwriting Exemplars so that his expert can reach a final conclusion. Assuming those exemplars are forthcoming, Defendant intends to produce that expert's testimony at a hearing on the Motion to Suppress.

The defendant seeks to suppress all the above-noted physical evidence, as well as any oral or written statements supposedly made by the defendant after the search and his arrest. As grounds, defendant submits that because there was no duly and constitutionally authorized warrant at the time

of the traffic stop of Mr. Lebron, his arrest, his transport back to the apartment, the search of that apartment, or the search of the car, those searches were done without a warrant and not pursuant to any recognized exception to the Fourth Amendment's prohibition of illegal searches and seizures. The searches are therefore per se unreasonable. Katz v. United States, 389 U.S. 347 (1967). Any evidence discovered as a result of those warrantless unconstitutional searches must therefore be suppressed. Wong Sun v. United States, 371 U.S. 471 (1963).

Any statements made during the course of February 15 or thereafter were made after or during the illegal warrantless search, which had produced serious incriminating evidence. Any statements were made *as a direct result of* the discovery of that illegally seized evidence. To be admissible, the statements must be sufficiently attenuated from the unconstitutional searches that led to them. In this case the factors to be considered – the time elapsed between the illegality and the statements, the presence of intervening factors, and the purpose and flagrancy of the misconduct (the so-called *Brown* factors) – all weigh heavily in defendant's favor. Brown v. Illinois, 422 U.S. 590 (1975). No statements made by the defendant in this case are sufficiently attenuated from the unconstitutional searches, and should therefore also be suppressed as "fruits of the poisonous tree." Wong Sun.

For the above reasons the defendant respectfully asks this Honorable Court to Suppress all physical evidence discovered as a result of the unconstitutional searches of February 15, 2005, as well as any oral or written statements of the defendant during or following those unconstitutional searches.

Respectfully submitted
Hector Lebron
By his attorney,

Olin W. Thompson, III
McKiernan Thompson & Millea
243 North Main St.
Providence, RI 02903
Telephone (401) 223-1400
Facsimile (401) 223-1401

**CERTIFICATION**

I hereby certify that I ~~mailed~~ faxed a copy of this motion, ~~postage pre-paid~~, to Adi Goldstein, Assistant United States Attorney, 50 Kennedy Plaza, 8th Floor, Providence Rhode Island, 02903, on October 17, 2005