UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
vs. : CR No. 05-024-ML
:
HECTOR LEBRON :

## MEMORANDUM AND ORDER

Hector Lebron has filed petition for habeas relief in the above matter. For the reasons that follow, this Court construes the petition as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 and denies the motion.

### FACTUAL BACKGROUND AND TRAVEL

On February 16, 2005, on the basis of information obtained from a reliable source, law enforcement officials arrested Lebron. Upon arrest, Lebron accompanied police to his home, where police searched his residence and his vehicle and seized 84 grams of crack cocaine and a firearm.

On March 2, 2005, Lebron was charged in a two-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count I) and with possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count II). On September 14, 2005 Lebron, through his counsel, moved to suppress evidence acquired from searches of his apartment and his vehicle made on the date of his arrest, on the basis that the search warrants were not validly signed (Doc. #30). After a hearing on the motion to suppress and on Lebron's Motion for a Handwriting Exemplar (Doc. #35), this Court denied both motions on November 8, 2005. (See Docket Minute Entry of November 8, 2005.)

Shortly thereafter, Lebron pled guilty to both counts, pursuant to a plea agreement. On March 3, 2006 this Court imposed a sentence of 120 months imprisonment, to run concurrently as

to both counts. Lebron did not file any direct appeal.[1]

On October 14, 2011, Lebron filed the instant petition in the United States District Court for the Eastern District of New York (EDNY Court), seeking habeas relief. That Court (Irizarry, J.) construed the petition as a motion to vacate under 28 U.S.C. §2255 and transferred the matter to this Court on October 26, 2011. See Lebron v. Terrell, Dkt. No. 11-cv-5099-DLI, Order Transferring Petition (E.D.N.Y. Oct. 25, 2011). The Government has objected to the petition, claiming that it should be characterized as a §2255 motion and, as such, is untimely. Lebron thereafter filed a Reply.[2] This matter is ready for decision.

## DISCUSSION

This Court concurs in the EDNY Court's characterization of the petition as a motion for relief under §2255, given that the claim asserted therein – that the searches by police on the date of his arrest, conducted without showing Lebron a valid warrant on which those searches were based and without his consent, violated his rights under the Fourth Amendment – clearly constitutes a challenge to his conviction. See Trenkler v. United States, 536 F.3d 85 (1st Cir. 2008) ("'[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of

---

[1] Lebron did file a motion for reduction of sentence based on the 2007 crack cocaine Guideline amendments (Doc. #49); the motion was denied by this Court on June 2, 2008.

[2] The Reply is entitled "Petitioner['s] Objection to Respondent's Response pursuant to Title 28 U.S.C. 2244" (Doc. #56) and was accompanied by Lebron's Affidavit (Doc. #57) and exhibits consisting of documents relating to the search warrant in issue, prior judicial proceedings, photos of the items seized, and documents allegedly created by Lebron's counsel in the course of representing Lebron.
Five of the 31 exhibit pages are in Spanish and appear to relate to previous proceedings in a Puerto Rico court. While the filing of Spanish documents without any English translation is improper, for purposes of ruling on the instant motion this Court finds that those documents have no potential to affect the disposition of Lebron's claims here. Cf. Puerto Ricans for Puerto Rico Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008) ("... where 'it is crystal clear that none of [the Spanish language documents] bear on any of the issues that the [district] court found dispositive in adjudicating,' the presence of untranslated documents will not constitute reversible error.") (quoting Dávila v. Corporación De P.R. Para La Difusión Pública, 498 F.3d 9, 13 (1st Cir. 2007)) (alterations in original).

§2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover.'")
(quoting Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (emphasis in original).
Construed as such a motion, Lebron's petition is untimely.[3]

Section 2255, as amended, provides in pertinent part:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
(1)    the date on which the judgment of conviction becomes final;
(2)    the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).

Under this provision, where a §2255 motion is filed more than one year after a petitioner's conviction becomes final, it is untimely absent the applicability of any other limitation periods thereunder. See Barreto-Barreto v. United States, 551 F.3d 95, 98-99 (1st Cir. 2008).

---

[3] This Court is aware that ordinarily, a prisoner is entitled to notice and an opportunity to be heard when a court is inclined to re-characterize an otherwise-labeled filing as a §2255 motion. See Castro v. United States, 540 U.S. 375 (2003). Here, however, such notice is unnecessary because, as discussed infra: (1) Lebron's petition, as re-characterized, is clearly untimely; and (2) Lebron was on notice of the Government's contention that his motion, so recharacterized, was untimely but has not attempted to rebut this in his Reply. See Celikoski v. United States, 21 Fed.Appx. 19, 23 (1st Cir. 2001) (district courts should not *sua sponte* dismiss §2255 motions as untimely without giving petitioner notice and opportunity to be heard, unless "it is unmistakably clear from the facts alleged in the petition, considering . . . [all the circumstances, including equitable tolling], that the petition is untimely."); United States v. Martin, 357 F.3d 1199, 1200 (10th Cir. 2004) (district court's failure to give notice of re-characterization of motion as a §2255 motion deemed harmless error, where any §2255 motion was clearly untimely). Moreover, as also discussed infra, even if Lebron's petition were not re-characterized, his substantive claim does not warrant habeas relief.

In this case, judgment of conviction entered on March 3, 2006, and Lebron did not file a direct appeal. Thus, his conviction became final on or about March 13, 2006, and the deadline for filing a motion under 28 U.S.C.§ 2255 would have been March 13, 2007. §2255(f)(1). Lebron did not file his Petition until at the earliest October 10, 2011[4] -- over four years later.

Moreover, Lebron has not raised any facts in his petition or accompanying papers that would render applicable any of the alternate time limits of §2255(f).[5] Similarly, he has not made any showing of extraordinary circumstances such that equitable tolling principles should apply to his petition. See Ramos-Martinez v. United States, 638 F.3d 315, 323 (1st Cir. 2011) ("A habeas petitioner bears the burden of establishing the basis for equitable tolling. . . . Equitable tolling normally requires a finding of extraordinary circumstances.") (internal quotation marks omitted). Thus, because his petition is untimely, it must be dismissed.

In view of this conclusion, this Court need not address Lebron's substantive claim challenging the search of his residence and nearby vehicle. See Barreto-Barreto, 551 F.3d at 103 (declining to address petitioner's substantive claim in view of finding that petition was untimely). This Court notes that in view of Lebron's guilty plea, the claim is precluded in any event. See United States v. Gaffney, 469 F.3d 211, 214 (1st Cir. 2006) ("[A] defendant who pleads guilty

---

[4] The so-called "mailbox rule" allows a federal pro se prisoner's filings to be dated as of the date they are placed in a prison mailbox, because the pro se prisoner lacks the ability to ensure that prison authorities timely forward his materials to the clerk of court. See Morales-Rivera v. United States, 184 F.3d 109 (1st Cir. 1999); Fed.R.App.P. 4(c). Here, Lebron signed his petition on October 10, 2011 and it was filed in the EDNY Court on October 14, 2011.

[5] The facts underlying Lebron's challenges to the warrant used to search his home and vehicle were all known to him at the time he pled guilty, and thus there are no newly discovered facts that would trigger the limitations period under §2255(f)(4) (permitting §2255 motions to be filed within one year of date on which facts supporting §2255 claim could have been discovered through exercise of due diligence). Furthermore, contrary to Lebron's contention (Reply at 1), the appeal waiver provision in his plea agreement only barred any direct appeal and did not extend to requests for collateral review. (See Plea Agreement [Doc. #42], ¶13.) Thus, there was nothing to prevent Lebron from filing a §2255 motion to vacate within one year of the date his conviction became final.

unconditionally waives all 'independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'") (quoting Tollett v. Henderson, 411 U.S. 258, 267 (2006)); United States v. Cordero, 442 F.3d 697, 699 (1st Cir. 1994) (finding challenge to motion to suppress barred by guilty plea).[6]

## CONCLUSION

Based on the foregoing considerations, Lebron's petition is hereby DENIED and DISMISSED.

## RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing §2255 Proceedings in the United States District Courts ("§ 2255 Rules"), this Court hereby finds that this case is *not* appropriate for the issuance of a certificate of appealability (COA), because Lebron has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. §2253(c)(2).

Lebron is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See § 2255 Rule 11(a).

SO ORDERED:

*/s/Mary M. Lisi*

Mary M. Lisi
Chief United States District Judge

Date: **January 20, 2012**

---

[6] To the extent Lebron purports to assert that his counsel was ineffective in advising him to plead guilty rather than contesting the search warrant (see Reply at 1-2), the argument fails. Counsel in fact filed a motion to suppress challenging the genuineness of the state court judge's signature on the warrant, along with a motion for handwriting exemplar, which motions this Court denied. In addition, the papers filed by Lebron show that counsel's advice concerning a plea was reasonable, given that Lebron faced a potential mandatory minimum sentence of 20 years if he went to trial. (See Reply Exhibits, p. 18).