UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) ) ) v. ) ) HECTOR LEBRON, ) Defendant. ) ) | Cr. No. 05-24-JJM-PAS |

ORDER ON MOTION FOR SENTENCING REDUCTION
UNDER SECTION 404 OF THE FIRST STEP ACT

Hector Lebron completed his original 2006 prison sentence, was released on supervised release, committed another crime that violated the conditions of supervised release, and is now serving a sentence for that violation. He asks this Court to reduce his original sentence under Section 404 of the First Step Act of 2018 (Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222) (the "First Step Act") in hopes that it would reduce the time he is currently incarcerated for the supervised release violation. ECF Nos. 74 and 84. Under these circumstances, the Court declines to exercise its discretion under the First Step Act to grant the request.

After pleading guilty to a two-count indictment,[1] this Court sentenced Mr. Lebron in 2006 to the mandatory minimum of ten years of imprisonment, followed by five years of supervised release. ECF No. 45. Mr. Lebron filed a Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 53), which the Court denied. ECF No. 58. Mr.

---

[1] Mr. Lebron pled guilty to one count of possession with a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and one count of possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).

LeBron appealed, which the Court of Appeals denied. ECF No. 66. Mr. Lebron was released from prison in 2013 and, at the request of Mr. Lebron, this Court transferred his supervision to the United States District Court for the Southern District of New York. ECF No. 73.

Five years later, while on supervised release, Mr. Lebron plead guilty in Ohio to possession with intent to distribute a controlled substance. ECF No. 80 at 1-2. The Court imposed a sentence of eighty-two months on the underlying charge. *Id.* Later, Mr. Lebron was also brought before the Federal court in New York because the new drug offense violated his supervised release. *Id.* Although the guidelines recommended a consecutive sentence, the Court imposed the same eighty-two-month sentence to be served concurrent with the underlying Ohio drug offense sentence. ECF No. 85-1 at 20. Mr. Lebron's attorney had argued that "through the First Step Act, Congress has said that the sort of minimum sentence that he served [on the original sentence], ten years, should be a five-year minimum." *Id.* at 17.

In 2010, Congress enacted the Fair Sentencing Act to reform a penalty structure for drug offenses involving crack cocaine that was too harsh and that had a disparately heavy effect on people of color. *United States v. Simons*, 375 F. Supp. 3d 379, 384 (E.D.N.Y. 2019). The Fair Sentencing Act reduced the mandatory sentencing range for possession with intent to distribute less than twenty-eight grams of crack cocaine and increased the amount of the drug triggering the five-year mandatory minimum sentence. *United States v. Pierre*, 372 F. Supp. 3d 17, 19 (D.R.I.

2019). The more lenient minimum sentences instituted by the Fair Sentencing Act were not retroactive. *Id.* (citing *Dorsey v. United States*, 567 U.S. 260, 264 (2012)).

Section 404 of the First Step Act makes the Fair Sentencing Act's reforms retroactive by allowing courts to impose reduced sentences on any prisoner serving a sentence for a "covered offense" if that sentence was imposed before August 3, 2010, the date the Fair Sentencing Act revised the applicable penalty structure. *Simons*, 375 F. Supp. 3d at 386; *Pierre*, 372 F. Supp. 3d at 20. Section 404 of the Fair Step Act states:

> (a) Definition of Covered Offense.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) Defendants Previously Sentenced.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) Limitations.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. *Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.*

(emphasis added).

The First Step Act applies to Mr. Lebron's sentence. Mr. Lebron was convicted and sentenced for a "covered offense" as defined under Section 404(a) of the First Step

3

Act before August 3, 2010, the effective date of the Fair Sentencing Act. And he neither filed a sentencing reduction motion under the Fair Sentencing Act, nor previously filed an unsuccessful motion under the First Step Act.

After finding that Mr. Lebron satisfies the conditions imposed by Section 404, the Court should evaluate the motion as directed under Section 404(c) to determine whether it should exercise its discretion to reduce the sentence. Mr. Lebron completed serving his original sentence. After his release, while out on supervised release he committed another crime violating his supervised release. He is now serving a new sentence of eighty-two months for that crime, as well as for the violation of his supervised release. If the Court were now to reduce Mr. Lebron's original sentence, it might give him a free pass to commit more crimes without the possibility of an incarcerative sentence.

In granting reductions of sentence under the First Step Act in every other case to come before this Court, the Court has routinely imposed a time-served sentence. To do otherwise would allow a person to attempt to bank the reduction against another yet-to-be-committed crime. Such a result cannot be the intent of Congress and may well be one reason that Congress gave the discretion to the district courts.

Thus, in exercising its discretion granted by Congress under Section 404(c) of the First Step Act, this Court DENIES Mr. Lebron's Motions to Reduce his sentence. ECF Nos. 74 and 84.

IT IS SO ORDERED.

*John J. McConnell, Jr. (signature)*

John J. McConnell, Jr.
Chief Judge
United States District Court

March 3, 2020